**Donald N. OFFUTT and Stephen Barfield, Plaintiffs-Appellants,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., Defendants-Appellees.**

No. 83–1752
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 9, 1984.

---

Bruce Anton, Dallas, Tex., for plaintiffs-appellants.

Thompson & Knight, G. Luke Ashley, Maureen Murry, Dallas, Tex., for defendants-appellees.

Before RUBIN, JOLLY, and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

An employee covered by a health plan governed by ERISA seeks to recover expenses incurred in psychiatric care. The claim was denied by the plan insurer-administrator on the basis that the services were largely custodial in nature and not medically necessary. Finding that this determination was not arbitrary or capricious, the district court denied the employee relief. Having considered the employee's detail of alleged errors made by the district court, we conclude that its fact-findings were not clearly erroneous and its legal conclusions based on them were correct. We, therefore, affirm.

We review the facts as found by the district judge only in outline. They are attacked only as lacking "substantial evidence" to support them. That test, however, is not applicable to review of findings made by a trial court after a bench trial. Such findings are conclusive unless we find them clearly erroneous. Fed.R.Civ.P. 52(a). They are not so tainted but, rather, amply supported by the record before us.

Stephen Barfield is an employee of Hewlett Packard Company and a beneficiary of the Hewlett Packard Company Employee Benefit Organization Health Plan, which is subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. Prudential Insurance Company processes and reviews claims for benefits under the plan. The plan covers charges for nursing care if they are reasonable, customary, and medically necessary.

Dr. Donald Offutt had rendered psychiatric treatment to Barfield for several years. In April, 1981, Dr. Offutt decided that Barfield required total care on a 24-hour basis for about six weeks. Barfield therefore resided at Dr. Offutt's office and received around-the-clock nursing care. This care was later continued at Barfield's apartment. Dr. Offutt designed the nursing services and the program to relieve Barfield completely of responsibility so that he could regress to childhood and then progress through development states to

maturity. Barfield claims about $60,000 in expenses incurred for this care.

The district court further found that Prudential handled Barfield's claim competently. It examined all documents submitted in support of his claim. It submitted the claim to its medical director who concluded, in substance, that the nursing services were not medically necessary. It employed a qualified medical consultant to examine the claim. He concluded in essence that Dr. Offutt's decision to treat Barfield at home with a total nursing care program was not standard psychiatric procedure and that, given the availability of several in-patient psychiatric facilities in Dallas (where Barfield lives), the continuous nursing services in his home were not medically necessary.

Barfield contends that the administrator of an ERISA plan has an affirmative duty to pay any claim submitted unless there is substantial evidence to deny payment, and that the district judge erred in not applying this standard and in considering a justification for claim-denial not stated in the administrator's denial letter but raised later at the trial.

 As a fiduciary, the administrator of an ERISA plan must discharge his duties solely in the interests of the beneficiaries and participants and with the diligence of a prudent person in accordance with the plan instruments. 29 U.S.C. § 1104 (1982). Although ERISA imposes some restrictions on the provisions of a plan, it does permit specific statement of the administrator's duties, and, if the plan contains such a statement, those provisions control. 29 U.S.C. § 1104(a)(1)(D) (1982). In the absence of plan-stated standards governing review of the administrator's decisions, however, his determinations regarding eligibility for benefits are to be upheld unless arbitrary or capricious. *Paris v. Profit Sharing Plan for Employees of Howard B. Wolf, Inc.*, 637 F.2d 357 (5th Cir.), *cert. denied*, 454 U.S. 836, 102 S.Ct. 140, 70 L.Ed.2d 117 (1981).[1] This standard

is not an abdication of traditional judicial responsibility to review the actions of fiduciaries; but, in accordance with federal labor policy, the arbitrary-or-capricious standard does limit review to prevent excessive judicial intervention in trust operations. *Bayles v. Central States, Southeast and Southwest Areas Pension Fund*, 602 F.2d 97, 100 (5th Cir.1979).

Barfield concedes that this is the standard adopted by this circuit. He argues, however, that this standard undermines the administrator's fiduciary duty, and urges us therefore to apply the substantial-evidence standard approved by the Seventh Circuit in *Wardle v. Central States, Southeast and Southwest Areas Pension Fund*, 627 F.2d 820 (7th Cir.1980), *cert. denied*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). Even if we were free to adopt such a standard (as we are not, because of prior decisions of other panels of this circuit in *Paris* and *Bayles*), the evidence in this case would clearly suffice to support denial. The district court would have reached the same conclusion under the substantial-evidence standard, as is evident from the tenor of its opinion and from its statement: "The plaintiff in my opinion has received all the benefits and has been paid the benefits to which he is entitled."

 Barfield suggests that the district court heard "new evidence" and made a *de novo* determination of eligibility. In reviewing an administrator's decision, a court must focus on the evidence before the administrator at the time his final decision was rendered. *Wardle v. Central States*, 627 F.2d at 824. Thus, the reviewing court may not hold a *de novo* hearing on the question of a claimant's entitlement to benefits under an employee benefit plan. If new evidence is presented to the reviewing court on the merits of the claim for benefits, the court should, as a general rule, remand the matter to the plan administrator for further assessment. *Id.*, 627 F.2d at 828. No remand is necessary, however, when it would be a useless formality. *Id.*

---

**1.** *See also Bayles v. Central States, Southeast and Southwest Areas Pension Fund*, 602 F.2d 97, 99 and 100 n. 3 (5th Cir.1979).

■ Barfield apparently bases his assertion that the court conducted a trial *de novo* on the district court's finding that there were several adequate bases for denying benefits under the plan other than those articulated in its denial-of-benefits letter. The district court tacitly indicated that it had authority to receive new evidence at trial. Hewlett Packard, however, introduced no new evidence in support of the denial of benefits, and the evidence considered by the administrator was more than sufficient to support the decision denying benefits to Barfield.

Hewlett Packard did advance additional arguments in the district court in support of the denial of benefits. Because no new evidence was submitted in support of these arguments, however, the court did not err in considering them. Remanding the matter to the administrator for further assessment would have been a useless formality: any determination on remand could only have reinforced the decision already made. Therefore, Barfield was not harmed by the district court's consideration of the additional justifications for the administrator's decision.

For these reasons, the judgment is AFFIRMED.