BRADLEY, Presiding Judge.
This case is brought pursuant to the provisions of the Employee Retirement Income Security Act, 29 U.S.C.A. §§ 1001 through 1461 (West Supp.1988) (ERISA).
The employee, Elaine King, was covered by a health plan provided to her through her employer by Blue Cross and Blue Shield of Alabama (Blue Cross). Pursuant to the plan’s provisions, King sought to recover medical expenses incurred as a result of a hysterectomy.
We note at the outset that for ERISA to govern an employee health plan the plan must qualify as an “employee welfare benefit plan” pursuant to ERISA’s statutory *1046 definition. 29 U.S.C.A. § 1002(3) (West Supp.1988). Donovan v. Dillingham, 688 F.2d 1367 (11th Cir.1982). However, we have examined the briefs and find no argument from King that ERISA does not control; thus, we assume that the statute’s applicability is not in question.
The dispositive issue on appeal is, therefore, whether the trial court properly reversed Blue Cross’s determination to deny King’s claim for benefits. In order to resolve this question, we must first determine the proper review standard for ERISA cases involving the denial of health plan benefits.
King maintains that although the bulk of federal authority reviews the denial of benefits claims pursuant to an arbitrary and capricious standard, we should not adopt that standard. Ordinarily, absent the existence of a United States Supreme Court ruling on a federal question, the decision of a federal appellate court is binding on our state courts. Hagler v. Ford Motor Credit Co., 381 So.2d 80 (Ala.Civ.App.1980).
However, if federal decisions are in conflict, we may “follow and apply the better reasoned decision.” Hagler. We have carefully examined the cases concerning the appropriate review standard and find that the majority of the cases follow the arbitrary or capricious standard. See, e.g. Building Trades Employers Association v. New York State Teamsters Conference Pension & Retirement Fund, 761 F.2d 115 (2d Cir.1985); Witmeyer v. Kilroy, 788 F.2d 1021 (4th Cir.1986); Offutt v. Prudential Insurance Co. of America, 735 F.2d 948 (5th Cir.1984); In re Vorpahl, 695 F.2d 318 (8th Cir.1982); Chilton v. Savannah Foods & Industries, Inc., 814 F.2d 620 (11th Cir.1987).
In view of the overwhelming weight of cases which follow the arbitrary/capricious standard, we, too, choose to apply that standard. In short, we find that “determinations regarding eligibility for benefits are to be upheld unless arbitrary or capricious.” Offutt, supra. Consequently, we turn to an examination of whether Blue Cross’s denial of King’s benefit claim was arbitrary or capricious.
The policy provision relied on by Blue Cross to deny King’s claim for benefits provided, in pertinent part:
“B. PRE-EXISTING CONDI-
TIONS—Benefits hereunder shall not be available to any Member for any condition, (including without any limitation the condition of pregnancy), disease, disorder or ailment, congenital or otherwise, either (i) which existed on or before the Effective Date of such Member’s coverage hereunder, whether then manifested or known in any way or not ... unless and until such Member shall have been covered by this Contract and/or another Blue Cross hospital service contract for a period of two hundred seventy (270) days immediately preceding the date of the commencement of the hospitalization during which such benefits under Section
II-A are rendered_”
It is undisputed that King’s coverage under the health plan became effective January 1, 1984. However, King underwent surgery seven months after her coverage became effective. This seven month time period, coupled with the policy’s mandatory nine month waiting period, prompted Blue Cross to examine King’s medical history for the existence of a pre-existing medical condition. Having determined that King had numerous uterine and cervical problems prior to her hysterectomy, Blue Cross denied her claim pursuant to the nine month waiting period for pre-existing conditions.
King contends on appeal that, although she did have uterine and cervical problems prior to her hysterectomy, those problems were the result of a condition entitled cervi-citis. Her hysterectomy, she contends, was necessitated by the occurrence of a new and different condition referred to as ade-nomyosis.
We have read the record and recognize the difficulties inherent in determining whether King’s prior medical problems resulted in the need for the hysterectomy or whether a new condition developed that necessitated the surgery. However, King’s *1047 medical history and her prior symptoms could have reasonably been interpreted by Blue Cross as a continuing problem — one in existence prior to the effective date of her coverage, and, consequently, Blue Cross’s determination to deny her coverage inside the nine month waiting period was not arbitrary or capricious.
Specifically, her prior medical history revealed both abdominal and pelvic pain, as well as abnormal menstrual bleeding. Both these conditions were regarded by Blue Cross’s doctor as symptomatic of ade-nomyosis, not cervicitis. Even King’s physician admitted cervicitis was not normally the cause of pelvic pain.
We note that:
“[A] reviewing court may not hold a de novo hearing on the question of a claimant’s entitlement to benefits under an employee benefit plan. If new evidence is presented to the reviewing court on the merits of the claim for benefits, the court should, as a general rule, remand the matter to the plan administrator for further assessment. No remand is necessary, however, when it would be a useless formality.”
Ofjutt, supra (citations omitted).
Blue Cross’s denial was based on its study of King’s medical history. The testimony of Blue Cross’s doctor before the circuit court did not include new evidence as to why the claim was denied. He simply expounded that King’s prior medical history reflected heavy menstrual periods, atypical of a cervicitis diagnosis but symptomatic of adenomyosis, and that the recurrence of this problem resulted in her need for surgery. Consequently, Blue Cross found a pre-existing condition and denied benefits. Such a decision by Blue Cross, based on the evidence before it, was not arbitrary or capricious. Consequently, the trial court’s reversal of Blue Cross’s denial was in error.
The judgment of the trial court is reversed and the cause remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, J., concurs.
HOLMES, J., concurs specially.