Willard L. CARROLL, Plaintiff,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.

Civ. A. No. 91–1038–B–M.

United States District Court,
S.D. Alabama,
Southern Division.

Sept. 28, 1993.

Willard L. Carroll, pro se.

Forrest S. Latta, J. Edward Thornton, Mobile, AL, for defendant.

### OPINION AND ORDER

BUTLER, Chief Judge.

This matter is before the Court on a renewed motion for summary judgment filed by defendant Prudential Insurance Company of America ("Prudential"). Although this Court denied Prudential's previous motion for summary judgment which raised essentially the same issues, after further consideration of the law and evidence presented the Court finds that the defendant is entitled to judgment as a matter of law.

### Findings of Fact

Plaintiff Willard L. Carroll worked for Scott Paper Company ("Scott") from April 30, 1970, until July 3, 1990. He is a high school graduate who worked as a "Grounds Laborer", with the following duties:

Laborer

*Physical Aspects of Job*—Operating jack hammers, climbing, lifting heavy objects, climbing inside tanks and confined areas, raking, pushing lawn mowers, using picks and axes, shoveling and operating chain saws. Also a variety of physically demanding jobs.

As a Scott employee, Carroll was covered under the "Employees Disability Benefit Plan for Employees of Scott Paper Company" ("the plan"). In July of 1989, Carroll was diagnosed with rectal carcinoma and underwent surgery. His surgeon, Dr. David Warren, removed the cancerous tissue, which necessitated a colostomy. Because there was no evidence that the cancer had spread, Carroll did not require any further treatment such as radiation or chemotherapy.

On September 8, 1990, Mr. Carroll submitted a claim for Total Disability Benefits under the plan. The claim forms were forwarded to Prudential, the plan administrator, for review. The plan defines "Total and Permanent Disability" as follows:

*Total and Permanent Disability:* The Employee is Totally and Permanently Disabled when:

(a) the Employee is not working any job for wage or profit; and

(b) due to sickness, injury or both, the Employee is not able to perform for wage or profit, the material and substantial duties of any job for which the Employee is reasonably fitted by the Employee's education, training or experience; and

(c) the Employee's sickness or injury or both is such that condition (b) above will be met for the rest of the Employee's lifetime; or

(d) the Employee suffers the loss of:

(i) sight in both eyes, entirely and irrevocably; or

(ii) the use of both hands; or

(iii) the use of both feet; or

(iv) the use of one hand and one foot.

Carroll's disability claim was accompanied by an Attending Physician's Statement signed by Dr. Warren in which the physician indicated that Carroll was now "recovered from the condition." Dr. Warren also stated

that a "job modification [would] enable [Carroll] to work with [his] impairment." Prudential received further telephone information from Dr. Warren on December 3, 1990, disclosing that Carroll was considered "cured" of his rectal cancer and that he should be able to work again, as long as he did not operate a jackhammer because it would interfere with his colostomy bag.

By letter dated December 18, 1990, Prudential requested that Dr. Warren provide a written narrative opinion as to whether Carroll was totally and permanently disabled such that he could no longer perform any other job besides running a jackhammer. Dr. Warren responded by letter, stating that Carroll had not returned to his office since July 12, 1990, at which time "his prognosis was excellent." Dr. Warren further stated that:

> [Carroll] had problems with maintaining a fit of his colostomy bag and the working conditions of the heat and sweat of running a jackhammer. I could only comment that he should be cured and has an excellent prognosis and would defer disability or degree of disability to the disability board.

On December 11, 1990, Prudential was advised by Scott that Carroll's job was still being held open and that he would be allowed to return to his old job with a restriction that he would not be required to operate a jackhammer.

Ultimately Prudential determined that Carroll's condition did not meet the definition of Total & Permanent Disability as defined in the plan because Carroll was not permanently unable to engage in any occupation for which he was suited. Carroll appealed Prudential's decision by a letter from his attorney dated February 27, 1991. The attorney also enclosed a Social Security Administration ruling dated June 27, 1990, which determined that Carroll was entitled to Social Security disability benefits.

Prudential responded by letter dated March 11, 1991, that it would reconsider the claim and review any additional information

submitted in support of Carroll's claim. Prudential stated that it was aware Carroll had been approved for Social Security benefits at the time of its original decision, but gave Carroll the option of submitting any medical evidence used by the Social Security Administration which he felt would affect Prudential's decision. Plaintiff sent some additional medical records consisting of Dr. Warren's office notes and operative report.

On August 21, 1991, Scott advised Prudential that it had contacted Carroll to offer him one of several jobs for which he was suited and which would not interfere with his colostomy bag. According to Scott, Carroll refused to go back to work, stating that he was totally and permanently disabled. In addition, Scott forwarded to Prudential a letter dated August 7, 1991 from an independent physician who had reviewed the matter and found that Carroll was cured and could be gainfully employed at a wide variety of jobs that did not include the use of a jackhammer. After reconsideration in light of the request from Carroll's attorney Scott upheld its original decision to deny benefits.

On November 8, 1991, Carroll filed the instant action in the Circuit Court of Mobile County, Alabama, alleging breach of contract and bad faith refusal to pay insurance benefits against Prudential. Prudential removed the action to this Court on the ground that plaintiff's claims are preempted by the Employees Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461. After removal, plaintiff amended his complaint to add a claim for benefits under an employee benefit plan.[1] The Court struck plaintiff's claims for breach of contract and bad faith because those claims are preempted by ERISA.

### Conclusions of Law

Because this action "relates to" an employee benefit plan it is preempted by ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Therefore, the Court has subject matter jurisdic-

---

1. Plaintiff also added Scott Paper Company as a defendant in his amended complaint filed January 28, 1992. To date Scott Paper Company has never been served with a summons and com-

plaint. Consequently, the claims against it are due to be dismissed for lack of prosecution pursuant to Fed.R.Civ.P. 4(j).

tion pursuant to 28 U.S.C. § 1331. ERISA permits a beneficiary of a plan to maintain an action for benefits due him under the plan. 29 U.S.C. § 1132(a)(1)(B).

▮ When a beneficiary brings an action challenging the plan administrator's decision to deny benefits, the Court must review that decision in light of the information available to the administrator at the time the decision was made. *Offutt v. Prudential Ins. Co.*, 735 F.2d 948, 950 (5th Cir.1984). The standard of review the Court employs in reviewing that decision is somewhat unsettled. Clearly, if the plan gives the administrator discretion to determine eligibility or to interpret the terms of the plan, then a court must give deference to the plan administrator and may reverse the administrator's decision only if that decision was arbitrary and capricious. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). If the plan does not give the administrator such discretion, then the Court employs a *de novo* standard of review.

The decision at issue in this case is not one of plan interpretation but rather involves Prudential's factual determination regarding plaintiff's ability to perform work in light of his illness. Some courts have held that the *de novo* standard applies only to issues of plan interpretation and eligibility and that factual determinations are subject to review under the arbitrary and capricious standard regardless of the plan's language, while other courts have held that the *de novo* standard applies to both contractual interpretation and factual determinations. *Compare Pierre v. Connecticut General Life Ins. Co.*, 932 F.2d 1552 (5th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 453, 116 L.Ed.2d 470 (1991) *with Petrilli v. Drechsel*, 910 F.2d 1441 (7th Cir. 1990). Although defendant contends that it should prevail under either standard of review, it argues that the Court should apply the arbitrary and capricious standard in the event that the administrator's decision is found to be wrong.

▮ The Court finds it unnecessary to resolve this issue since, even under the more stringent standard of review, Prudential's determination that Mr. Carroll was able to return to work was not wrong given the information available to Prudential at the time.[2] Prudential had opinions from two doctors, one of whom was plaintiff's treating physician, that Mr. Carroll was cured and that he could return to work at his previous job as long as he was not required to use a jackhammer. Plaintiff's employer had informed Prudential that it had offered plaintiff jobs that, according to plaintiff's doctor, plaintiff was capable of performing. On the other hand, Prudential had a copy of the Social Security Administration's determination that plaintiff was totally and permanently disabled. As Prudential points out, however, the Administrative Law Judge ("ALJ") who made the disability determination did not have the benefit of Drs. Warren and McDaniel's opinions that plaintiff was cured and able to return to work. Given that the ALJ's findings are directly contradicted by the opinion of Dr. Warren, plaintiff's treating physician, and that those findings were made more than one year prior to Prudential's decision, the Court finds that Prudential was not wrong in its determination that plaintiff was able to return to work.

In reaching this conclusion, the Court has considered the motion. First, plaintiff has filed a statement in which he explains among other things, why his condition prevented him from working. Even assuming Prudential had this information at the time of its decision, the Court finds that Prudential was correct in giving more weight the doctors' opinions that plaintiff was cured and able to work. In addition, plaintiff complains that his employer, Scott Paper, did not offer him a job that he was capable of performing. This does not contradict Prudential's evidence that plaintiff was able to work, nor does it contradict Prudential's evidence that believed Scott had offered plaintiff a job (or jobs) he was capable of performing. Finally,

---

**2.** It is on this question that the Court went astray in its previous order denying summary judgment and finding that there was an issue of fact as to whether plaintiff meets the criteria for total and permanent disability. The question is not whether he currently meets the criteria; rather, it is whether at the time of the decision the administrator was wrong in determining that he did not meet the criteria. *Jett v. Blue Cross and Blue Shield*, 890 F.2d 1137, 1140 (11th Cir.1989).

the medical records submitted by plaintiff in opposition to the motion for summary judgment consist of two pathology reports and some doctor's notes which are, for the most part, illegible. Since the pathology reports are dated after the date of Prudential's final determination, they could not have had any impact on Prudential's decision.

For the reasons discussed above, the Court finds that Prudential was correct in its decision to deny plaintiff's application for disability benefits. Accordingly, it is **ORDERED** that the motion for summary judgment filed by defendant Prudential Insurance Company, Inc. be and hereby is **GRANTED.**