IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-21050
Summary Calendar

_____


CHARLES T.J. DILLON,

Plaintiff-Appellant,

versus

AON CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. H-99-CV-4447

_____

July 2, 2001

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Charles T.J. Dillon appeals the magistrate judge's order granting summary judgment for Aon Corporation. The magistrate judge concluded that Dillon was ineligible for continued severance benefits under an ERISA plan because he had failed to seek comparable employment. Dillon contends that Aon waived the right to assert this argument because of its failure to raise the argument either during the administrative proceedings or in its

_____

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Answer filed in the district court. We find neither of Dillon's arguments persuasive.

First, when an ERISA defendant puts forth a reason for denying benefits that it failed to assert during the administrative proceedings, the proper remedy is usually to remand the case to the plan administrator for the development of a full factual record. Schadler v. Anthem Life Ins. Co., 147 F.3d 388, 398-99 and n.11 (5th Cir. 1998). Remand is not necessary, however, when it would be a "useless formality." Offutt v. Prudential Ins. Co., 735 F.2d 948, 950 (5th Cir. 1984). In this case, Dillon has admitted that he did not seek further employment after securing a position with Willis Corroon.

Second, it is doubtful that Aon's argument regarding Dillon's failure to seek comparable employment qualifies as an affirmative defense. SEE WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1271. However, even if we assume that Aon's argument is an affirmative defense, we have often held that technical failure to comply with Fed. R. Civ. P. 8(c) is not fatal. An affirmative defense is not waived if (1) the defendant raises the issue at a "pragmatically sufficient time," and (2) the plaintiff is not prejudiced in his ability to respond. Sugar Busters, LLC v. Brennan, 177 F.3d 258, 271 (5th Cir. 1999). Under the circumstances of this case, we would conclude that the defense was not waived.

There is a third reason why the judgment must be affirmed.

The magistrate judge also addressed the plan administrator's reason for denying benefits to Dillon, namely, that Dillon's position at Willis Corroon qualified as "other comparable employment" under the terms of the plan. The magistrate concluded, "A review of the original reason given for the termination of [Dillon's] benefits, under the abuse of discretion standard, shows that the administrator's decision should be upheld." In his initial brief, Dillon does not challenge this alternative ground for granting summary judgment, and the argument on this point is considered waived. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Accordingly, the judgment is

A F F I R M E D .