**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 15, 2012

No. 11-30874
Summary Calendar

Lyle W. Cayce
Clerk

KAI HAMBURG,

Plaintiff – Appellant,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

Defendant – Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-3071

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Kai Hamburg appeals the district court's grant of summary judgment in favor of Life Insurance Company of North America (LINA).  For the following reasons, we AFFIRM.

I.

On February 16, 2007, Hamburg was injured in a work-related car accident.  Hamburg continued to work after the accident, despite complaining

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30874

of constant and accelerating pain in his neck, back and shoulder. Between February 16, 2007 and November 16, 2007, several doctors examined and treated Hamburg, and the results of objective medical measurements supported Hamburg's diagnosis of cervical and lumbar disc disease. On November 16, 2007, Hamburg stopped working and applied for long-term disability (LTD) benefits under the LINA policy that was provided though his employer, Tulane University.

The LINA policy required Hamburg to show continuous disability throughout a ninety-day elimination period—from November 16, 2007 to February 16, 2008—before LINA would begin paying his LTD benefits. After reviewing Hamburg's claim, LINA determined that the medical documentation Hamburg submitted lacked "positive clinical measurements to support a degree of functional impairment that would prevent [Hamburg] from returning to work in [his] regular occupation." On January 30, 2008, LINA denied Hamburg's claim.

Around June 9, 2008, with the assistance of attorney William R. Mustian, Hamburg applied to the Social Security Administration (SSA) for disability benefits. On July 29, 2008, Mustian notified LINA that Hamburg wished to appeal the denial of his LTD claim. LINA and Mustian corresponded approximately a dozen times regarding the appeal. Throughout the correspondence, LINA requested that Hamburg "submit [any additional information] . . . relevant to [the] appeal," including "new additional medical evidence to support [the] claim from November 16, 2007 forward." On January 23, 2009, LINA received all the documentation Mustian intended to submit in support of Hamburg's appeal. The medical records submitted from the requested time period contained results from only one objective clinical measurement of Hamburg's functional ability. Mustian never informed LINA of the pending SSA benefits application.

No. 11-30874

On March 30, 2009, the SSA found that Hamburg had been disabled under the Social Security Act since November 15, 2007. The SSA mailed a copy of the letter to both Hamburg and Mustian.

On April 4, 2009, LINA denied Hamburg's appeal due to the lack of objective medical evidence of Hamburg's disability. In reviewing Hamburg's appeal, LINA did not consider the SSA decision.

In a letter to LINA on May 6, 2010, Mustian stated that he had not been notified of any final decision on Hamburg's appeal. After LINA sent Mustian a copy of the appeal denial letter, Mustian requested an additional review of the decision in order to "exhaust all administrative remedies before having to file suit." LINA informed Mustian that Hamburg had exhausted his administrative remedies under the ERISA requirements and could file suit if he wished. LINA also told Mustian that it would allow a voluntary second appeal as a courtesy if Hamburg provided new documentation for LINA to consider. Declining to pursue the second appeal, neither Hamburg nor Mustian sent LINA any additional medical documentation; thus LINA never received notice of the SSA decision.

On September 15, 2010, Hamburg filed this lawsuit, alleging that LINA's denial of Hamburg's LTD benefits was arbitrary and capricious. Over nine months later, in June 2011, while preparing to mediate the case, Mustian realized that LINA never received a copy of the SSA decision. Subsequently, Mustian supplemented Hamburg's trial exhibit list to include the SSA decision, and requested that the court remand the case for administrative review in light of the SSA decision. The district court denied Hamburg's request for remand and ruled that the SSA decision was not part of the administrative record.

Both parties subsequently filed motions for summary judgment and the district court granted LINA's motion for summary judgment. *Hamburg v. Life*

No. 11-30874

*Ins. Co. of N. Am.*, 2011 WL 3841720 (E.D. La. Aug 29, 2011). This appeal followed.

## II.

Hamburg contends that the district court erred in: (1) denying his motion for remand in order for the administrator to review the SSA decision; and (2) finding that LINA's denial of Hamburg's benefits claim was not arbitrary and capricious.

We review a district court's decision to grant a motion for summary judgment *de novo*, applying the same standard as the district court. *Cedyco Corp. v. PetroQuest Energy, LLC*, 497 F.3d 485, 488 (5th Cir. 2007). Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

In ERISA cases, when, as here, "the language of the plan grants discretion to an administrator to interpret the plan and determine eligibility for benefits, a court will reverse an administrator's decision only for abuse of discretion."[1] *High v. E-Systems, Inc.*, 459 F.3d 573, 576 (5th Cir. 2006). "A plan administrator abuses its discretion where the decision is not based on evidence, even if disputable, that clearly supports the basis for its denial." *Holland*, 576 F.3d at 246 (internal quotation marks omitted). Likewise, "[w]e reach a finding

---

[1] Typically, we perform a two-step inquiry when evaluating a plan administrator's denial of benefits. *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 246 n.2 (5th Cir. 2009). First, we evaluate whether the administrator's decision was legally correct. *Id.* If the decision was legally correct, our inquiry is complete as there is no abuse of discretion. *Id.* We proceed to the second step, however, if the decision was legally incorrect, analyzing it for an abuse of discretion. *Id.* "Nonetheless, we are not confined to this test; we may skip the first step if we can more readily determine that the decision was not an abuse of discretion." *Id.*; *see also High v. E-Systems, Inc.*, 459 F.3d, 573, 577 (5th Cir. 2006) ("This court, however, is not confined to this [two-step] test; we may skip the first step if we can determine the decision was not an abuse of discretion."). In this case, we do not consider whether the decision was legally correct and instead proceed to the abuse of discretion inquiry.

of abuse of discretion only where 'the plan administrator acted arbitrarily or capriciously.'" *Id.* (quoting *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 214 (5th Cir. 1999)).  A plan administrator's decision to deny benefits is arbitrary and capricious when it is made without a rational connection to the facts and evidence.  *Id.*  Moreover, "[o]ur 'review of the administrator's decision need not be particularly complex or technical; it need only assure that the administrator's decision fall[s] somewhere on a continuum of reasonableness—even if on the low end.'" *Id.* at 247 (quoting *Corry v. Liberty Life Assurance Co. of Boston*, 499 F.3d 389, 398 (5th Cir. 2007)).

## A.

Hamburg claims that the district court erred in denying Hamburg's motion to remand his case back to the plan administrator so that the administrator could consider the SSA's disability determination.  In support of his claim, Hamburg relies primarily on our statement in *Offutt* that "[i]f new evidence is presented to the reviewing court on the merits of the claim for benefits, the court should, as a general rule, remand the matter to the plan administrator for further assessment." *Offutt v. Prudential Ins. Co. of Am.*, 735 F.2d 948, 950 (5th Cir. 1984).  Based on our decision in *Vega*, we reject Hamburg's theory.  *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287 (5th Cir. 1999) (en banc), *abrogated on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

In *Vega*, we underscored the importance of submitting additional evidence to the administrator before filing a lawsuit:

> Before filing suit, the claimant's lawyer can add additional evidence to the administrative record simply by submitting it to the administrator in a manner that gives the administrator a fair opportunity to consider it.  In *Moore*, we said that "we may consider only the evidence that was available to the plan administrator in evaluating whether he abused his discretion in making the factual determination." [*S. Farm Bureau Life Ins. Co. v. Moore*, 993 F.2d 98, 102 (5th Cir. 1993)].  If the claimant submits additional information

to the administrator, however, and requests the administrator to reconsider his decision, that additional information should be treated as part of the administrative record. *See, e.g., Wildbur* [*v. Arco Chem. Co.*, 974 F.2d 631, 634–35 (5th Cir. 1992)]. Thus, we have not in the past, nor do we now, set a particularly high bar to a party's seeking to introduce evidence into the administrative record.

We hold today that the administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it. Thus, if the information in the doctors' affidavits had been presented to National Life before filing this lawsuit in time for their fair consideration, they could be treated as part of the record. Furthermore, in restricting the district court's review to evidence in the record, we are merely encouraging attorneys for claimants to make a good faith effort to resolve the claim with the administrator before filing suit in district court; we are not establishing a rule that will adversely affect the rights of claimants.

*Vega*, 188 F.3d at 300 (footnote omitted).

We further explained that:

*We want to encourage each of the parties to make its record before the case comes to federal court*, and to allow the administrator another opportunity to make a record discourages this effort. Second, allowing the case to oscillate between the courts and the administrative process prolongs a relatively small matter that, in the interest of both parties, should be quickly decided. Finally, *we have made plain in this opinion that the claimant only has an opportunity to make his record before he files suit in federal court, it would be unfair to allow the administrator greater opportunity at making a record than the claimant enjoys.*

*Id.* at 302 n.13 (emphasis added).

In this case, Hamburg had ample opportunity to supplement the administrative record with the SSA's decision. The SSA made its decision on March 30, 2009. Hamburg filed this lawsuit *nearly eighteen months later* on September 15, 2010. In the meantime, Hamburg pursued an administrative appeal of LINA's decision and was also asked by LINA on at least two occasions

No. 11-30874

to provide additional documentation for LINA to consider.  Given this history, Hamburg's failure to provide LINA with the SSA decision before filing this lawsuit is simply inexcusable.  Moreover, because the evidence was far from new by the time this case was filed, the district court was correct to decline Hamburg's request for remand under *Offutt*.

Accordingly, based on *Vega*, we reject Hamburg's contention that the district court erred in denying his request for remand.

B.

Hamburg next contends that the district court erred in concluding that LINA's denial of benefits was not arbitrary and capricious.  Based on our review of the record and the district court's detailed memorandum opinion, *Hamburg*, 2011 WL 3841720, we conclude that sufficient evidence supports LINA's decision to deny benefits to Hamburg.

The plan at issue defines "disabled" as being: "1) unable to perform the material duties of his or her Regular Occupation or a Qualified Alternative; or 2) unable to earn 80% or more of his or her Indexed Earnings."[2]  *Id.* at *1.  LINA presented sufficient evidence indicating that Hamburg's injury failed to meet this definition.  Specifically, the evidence showed that Hamburg's job largely entailed sedentary tasks, requiring minimal physical exertion, and that Hamburg remained able to perform his duties.  For example, Dr. Billings determined on January 3, 2008 that Hamburg was capable of performing "light sedentary type work."  *Id.* at *2.  On November 19, 2008, Dr. Glynn, opined that "it is important that [Hamburg] continue to be allowed to work, even if it is four hours per day."  *Id.* at *3.  And Dr. Sukhov later concluded that Hamburg was "functionally capable of performing full time sedentary work from 2/16/08 forward."  *Id.* at *4.

---

[2] For the definitions of the capitalized terms, see *id.* at *1.

No. 11-30874

Although there is some contrary evidence indicating that Hamburg's condition may have been more severe, that evidence is insufficient to justify the conclusion that LINA's denial of benefits was unreasonable.[3] *See Holland*, 576 F.3d at 247 (our review "need only assure that the administrator's decision fall[s] somewhere on a continuum of reasonableness—even if on the low end"); *Clapp v. Citibank, N.A. Disability Plan (501)*, 262 F.3d 820, 828 (8th Cir. 2001) ("We will not disturb a decision supported by a reasonable explanation even though a different reasonable interpretation could have been made." (internal quotation marks omitted)).

### III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[3] We recognize that LINA's conflict of interest—based on LINA's role as both the insurer and plan administrator—is a factor that must be weighed in determining whether LINA abused its discretion. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 115–16 (2008); *Holland*, 576 F.3d at 247–48. This factor does not undermine our conclusion that LINA reasonably exercised its discretion in denying the benefits sought by Hamburg.