# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2015

Lyle W. Cayce
Clerk

No. 14-31200
Summary Calendar

ANGEL DIX,

Plaintiff - Appellant

v.

BLUE CROSS AND BLUE SHIELD ASSOCIATION LONG TERM
DISABILITY PROGRAM,

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-319

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

This is an appeal from the district court's grant of summary judgment in favor of Blue Cross and Blue Shield Association Long Term Disability Program ("the Program"). The district court correctly held that the plan administrator's decision to deny disability payments to Angel Dix was not an abuse of discretion. However, because the district court named the incorrect defendant

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31200

("Blue Cross/Blue Shield of Louisiana") in its order, we **AFFIRM** the judgment, but **REMAND** with instructions to correct the name of the defendant.

## I.    Factual Background

This case arose out of the termination of disability benefits to Dix under the Blue Cross Blue Shield of Louisiana's ("BCBSL") long-term disability program, which is governed by ERISA. Dix's employer, BCBSL, and other independent Blue Cross and Blue shield organizations participate in the Program by paying into a trust which in turn funds the Program. The Blue Cross and Blue Shield Association ("the Association") is an Illinois not-for-profit corporation which provides fiduciary administrative services to BCBSL and other Blue Cross and Blue Shield Organizations through its National Employees Benefits Committee ("NEBC") and National Employees Benefits Administration ("NEBA"). NEBA and NEBC (the "Administrator") administer the Program at issue in this case. The parties agree that the Administrator has discretionary authority to approve or deny benefits.

Dix was an employee of BCBSL from 2006 to 2007. In 2007, Dix began experiencing back pain and applied for disability benefits on June 13, 2007. Dix was deemed disabled following examination and began receiving disability benefits. On July 7, 2010, Dix was notified that she would no longer be receiving disability payments, as the Administrator had found that the medical evidence no longer supported a finding of disability. Dix appealed the decision to deny benefits to the Assistant Secretary of NEBC, Barbara Grant, who affirmed the denial.

In reviewing Dix's claim, Grant considered the medical opinions of numerous treating and reviewing physicians, and the findings of an independent medical evaluation and a vocational expert's report. Reviewing physician Dr. Scott Kale found Dix not disabled and capable of work with

2

No. 14-31200

accommodations.  Dix claims that Dr. Kale lied about speaking with her treating physicians, Dr. Kevin McCarthy and Dr. Elizabeth Russo-Stringer.

On January 27, 2012, Dix submitted to the Administrator medical records, X-rays, and MRIs from Dr. McCarthy, affidavits from Dr. McCarthy and Dr. Russo-Stringer stating that they do not recall speaking with Dr. Kale, and the first page of a favorable Social Security Administration ("SSA") decision.  The Administrator declined to add the documents to the administrative record on the basis that they were either cumulative or not available at the time Dix exhausted her administrative remedies.  Dix filed suit and the district court granted summary judgment in favor of the Program.

## II.    Standard of Review

This court reviews summary judgments *de novo* in ERISA cases, applying the same standards as the district court. *Robinson v. Aetna Life Ins. Co.*, 443 F.3d 389, 392 (5th Cir. 2006).

When, in an ERISA case, the language of the plan grants discretion to an administrator to interpret the plan and determine eligibility for benefits, a court will reverse the administrator's decision only for abuse of discretion. *McCorkle v. Metropolitan Life Ins. Co.*, 757 F.3d 452, 457 (5th Cir. 2014).  Here, the parties do not dispute that the plan grants discretionary authority to the plan administrator.  "A plan administrator abuses its discretion where the decision is not based on evidence, even if disputable, that clearly supports the basis for its denial." *Id.* (quoting *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 246 (5th Cir. 2009), (internal quotation marks omitted).  We reach a finding of abuse of discretion only when the plan administrator acted arbitrarily or capriciously. *Id.*  A decision is arbitrary or capricious if made without a rational connection between the known facts and the decision. *Id.*

The administrator's decision to deny benefits must be supported by substantial evidence. *Holland*, 576 F.3d at 246.  Substantial evidence is

3

merely "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McCorkle*, 757 F.3d at 457 (quoting *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2004)) (internal quotation marks omitted).  A court's "review of the administrator's decision need not be particularly complex or technical; it need only assure that the administrator's decision falls somewhere on a continuum of reasonableness—even if on the low end." *Holland*, 576 F.3d at 247.

### III.   Discussion

On appeal, Dix reasserts that the Administrator had a conflict of interest; that the administrative record should have included documents, including a favorable SSA disability award, that Dix failed to submit to the Administrator for over a year after its final decision; and that the termination of benefits was an abuse of discretion and unsupported by substantial evidence. We consider each issue in turn.

A. Conflict of Interest

The parties disagree about whether the Administrator operated under a structural conflict of interest when it terminated Dix's disability payments. The district court found that the Administrator had a conflict of interest when it evaluated Dix's claim because it both funded the disability program and made benefits eligibility decisions.  This was incorrect.

A conflict of interest exists when a plan administrator both evaluates claims for benefits and pays benefits claims. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008).  "If the administrator has a conflict of interest, we weigh the conflict of interest as a factor in determining whether there is an abuse of discretion in the benefits denial, meaning we take account of several different considerations of which conflict of interest is one." *Holland*, 576 F.3d at 247.

No. 14-31200

Here, Dix's employer, BCBSL, paid into a trust which in turn funded the payment of benefits under the Program. The Association determined eligibility for benefits through NEBA and NEBC. Although the district court found that "BCBS's Board of Directors comprised the committee charged with administering the disability plan," the record shows that it was the Association's board of directors which comprised the eligibility committee, not the board of directors of the Program or of BCBSL. These facts show that a structural conflict of interest did *not* exist because the Association, through NEBA and NEBC, made benefits eligibility decisions, while the Program paid benefits claims,[1] and BCBSL had no financial interest in individual disability determinations.

B. Supplementing the Administrative Record

Dix argues that the district court should have allowed her to supplement the administrative record with additional medical records, affidavits from Dr. McCarthy and Dr. Russo-Stringer, and a favorable Social Security Administration decision. In *Vega*, the Fifth Circuit held that "[t]he administrative record consists of relevant information made available to the [plan] administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it." *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 300 (5th Cir. 1999).

Here, the Administrator gave Dix ample opportunity to supplement the administrative record prior to making a final decision on Dix's benefits eligibility appeal. Grant asked Dix whether she would like to submit additional documentation, and even gave Dix an extension on the deadline for

---

[1] Assuming *arguendo* that the district court correctly found that a structural conflict of interest exists, the court nevertheless found that the decision to deny Dix's benefits was not arbitrary and capricious, even when factoring the conflict of interest into its analysis. We agree with the district court, that, even if a conflict of interest exists, it does not change the outcome reached here.

submitting documentation. Dix failed to submit any of the documentation she now seeks to include in the administrative record before the administrator made the final decision. Dix only sent the additional documents to Grant after Dix had exhausted her administrative remedies, approximately one year and three months after the Administrator issued its final decision in her appeal. Given this history, Dix did not make the documents she now seeks to introduce into the record available in a manner that gave the plan administrator a fair opportunity to consider them. *See Hamburg v. Life Ins. Co. of North America*, 470 F. App'x 382 (5th Cir. 2012) (upholding the district court's refusal to remand a case to the plan administrator to supplement the administrative record where the benefits claimant failed to submit documentation to the plan administrator during the 18 months in which he was pursuing an appeal). Dix argues that it was arbitrary and capricious for the Administrator not to consider a SSA decision (made after the plan administrator upheld denial of her claim) finding Dix disabled. Because the SSA decision was properly excluded from the administrative record, we do not consider it in determining whether the Administrator's denial was arbitrary and capricious.

C. The Administrator's Decision

The district court very thoroughly analyzed whether the Administrator's decision was arbitrary and capricious. "The job of weighing valid, conflicting professional medical opinions is not the job of the courts; that job has been given to the administrators of ERISA plan administrators." *Corry v. Liberty Life Assurance Co. of Boston*, 499 F.3d 389, 401 (5th Cir. 2007). Here, the Administrator based its decision on the medical opinions of several physicians and an independent medical evaluation finding Dix capable of sedentary employment. Although Dix disputes the accuracy and completeness of these medical findings, she cannot meet her burden to show that the Administrator's decision was not based on substantial evidence. Accordingly, the

No. 14-31200

Administrator's decision was not arbitrary and capricious, and there was no abuse of discretion in denying Dix's claim.

Although the district court's judgment is correct, the court named the wrong party in its order granting summary judgment. For this reason, we **AFFIRM** the judgment, but **REMAND** with instructions to name as the defendant Blue Cross and Blue Shield Association Long Term Disability Program.